IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
FLAP 2001, INC. t/a/d/b/a       :
FLAPDOODLES                     :       CIVIL ACTION
      Plaintiff                 :
                                :
      v.                        :
                                :
KAMIKAZE KIDS ENTERPRISES,      :
INC.                            :
                                :
      AND                       :
                                :       NO. 02-3265
KAMIKAZE KIDS, INC.             :
      Defendants                :
```

**O R D E R**

AND NOW, this     day of October, 2002, upon consideration of Plaintiff's Motion for Summary Judgment, and Defendant's response, it is hereby ORDERED that Plaintiff's Motion is DENIED.  The reasons for the Court's decision are stated below.


**I.  Background**

This action involves the collection of a debt arising out of a consignment contract.  Plaintiff, Flapdoodles, is the manufacturer of a brand of children's clothing.  One of the Defendants, Kamikaze Kids, Inc. (hereinafter KKI), was a children's clothing retailer.  KKI sold Flapdoodles' clothes on a consignment basis.  On December 7, 2001, the other Defendant in this case, Kamikaze Kids Enterprises, Inc. (hereinafter KKE),

1

purchased the assets of KKI pursuant to an asset purchase agreement. Flapdoodles now claims that KKI owes it an outstanding balance of 173,225 dollars from previous consignment sales. Flapdoodles also claims that KKE assumed this debt when it purchased KKI's assets. Flapdoodles moved for summary judgment against both Defendants.

## II.  Legal Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c) (1994). A genuine issue is one in which the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-movant. See Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## III.  Application of the Summary Judgment Standard to this Case

Applying the above standard to the instant matter, there are factual issues that preclude Summary Judgment.

Specifically, issues remain as to whether an accord existed between Flapdoodles and KKE which extinguished liability on the consignment debt.  The affirmative defense of accord and satisfaction was raised by KKE in its answer.  Answer and Cross-claim of Behalf of KKE, Pg. 8.  An accord or compromise agreement has a legal effect similar to an agreement settling a lawsuit.  See PENNSYLVANIA LAW ENCYCLOPEDIA, Accords and Compromises, Chapter 1, § 11 (Bender 2002)(comparing accords and settlement agreements).  When parties compromise on a disputed debt by agreeing that the debtor can satisfy the debt in a different manner or by payment of a lesser sum, the previous debt merges into the compromise or accord agreement.  Morris v. Gaspero, 522 F. Supp. 121 (E.D. Pa. 1981) .  Accordingly, the parties are bound only by the terms of the accord or compromise agreement and not by the original debt.[1]

In this case, factual issues remain as to all of the elements necessary for a valid accord or compromise.  To establish an accord or compromise a party must prove: 1) a disputed debt existed; 2) there was an offer of payment or promise to pay in satisfaction of that debt; and 3) there was an acceptance of the payment or promise to pay.  Goodway Marketing, Inc. v. Faulkner Advertising Assocs., Inc., 545 F.Supp. 263 (E.D. Pa. 1982).  It is clear that the validity of any debt owed by KKE

---

[1]Although only KKE has defended against the summary judgment motion, the defense of accord and satisfaction is equally applicable to KKI.  If KKE entered into an accord or compromise agreement with Flapdoodles, KKI's liability would also be controlled by that agreement.

to Flapdoodles is disputed.  Further, the asset purchase agreement instructed KKE to make an offer to satisfy any debt with Flapdoodles.  Specifically, it required KKE to *offer* to pay Flapdoodles 28,000 dollars up front and weekly installments of 3,900 dollars to satisfy any outstanding debt. Plaintiff's Motion for Summary Judgment, Ex. D.  Although it can not be concluded that an accord or compromise was reached, it appears that some agreement resulted from this offer because Plaintiff accepted a 28,000 dollar check from KKE.  Plaintiff's Memorandum in Support of Its Motion for Summary Judgment, pg. 3.  More importantly for purposes of this motion, Plaintiff as failed to offer any evidence that it did not enter into an accord agreement or that the accord agreement was breached by KKE.

The existence or non-existence of the above elements must be resolved by a factfinder.  Generally, the existence of an accord or compromise of a debt is a factual issue not a matter of law.  Proie Bros., Inc. v. Proie, 301 F.Supp. 680; Stephens v. Sulkin, 280 Pa. 211 (1924).  Considering the evidence currently before the Court, a reasonable factfinder could find that there has been an accord and satisfaction of the debt and return a verdict against the Plaintiff.  Accordingly, Summary Judgment must be denied.

AND IT IS SO ORDERED.

_____
Clarence C. Newcomer, S.J.