IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLAP 2001, INC. t/a/d/b/a | : | |
| FLAPDOODLES, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| KAMIKAZE KIDS ENTERPRISES, | : | |
| INC. | : | NO. 02-3265 |
|     Defendant | : | |

**O R D E R**

AND NOW, this     day of December, 2002, upon consideration of Plaintiff's Motion for a Judgment as a Matter of Law, the evidence admitted at trial, and the arguments of counsel, Plaintiff's motion is GRANTED.  Pursuant to Rule 50 of the Federal Rules of Civil Procedure, judgment as a matter of law is entered in favor of the Plaintiff and against Defendant Kamikaze Kids Enterprises in the amount of $167,025.29.

It is clear from the evidence presented at trial that no reasonable jury could return a verdict in favor of the Defendant.  The Defendant entered into an asset purchase agreement, which was admitted as Exhibit C.  This agreement clearly required that the Defendant "assume the remainder of Seller's accounts payable."  Schedule 7.3 of the agreement clearly indicates that these accounts payable include the debt owed to the Plaintiff.  This express assumption of the debt establishes that the Defendant is liable to the Plaintiff.

A later amendment to the agreement additionally required the Defendant to offer to pay Flapdoodles an initial payment of $28,000 and weekly payments of $3,900 in an effort to

satisfy the debt.  The requirement that the Defendant make this offer does not affect the Defendant's liability based on the provisions of the asset purchase agreement.

The Defendant argued that the Plaintiff's rejection of this offer created a factual issue over whether the Defendant had failed to mitigate its damages.  If the Plaintiff had accepted the payment plan offer, however, the Plaintiff would have received something less valuable than his legal entitlement.  Specifically, the Defendant owed him the full amount of the debt immediately, not the payment spread out over time.  The duty to mitigate damages does not require a party to accept less than he is entitled to in settlement of a debt.  Accordingly, there is no legally sufficient basis to find that the Plaintiff failed to mitigate damages.

The Defendant also argued that there was a material issue of fact as to whether an accord was reached between the two parties at the December 11 meeting where the Defendant made the above mentioned offer.  While, the Plaintiff did accept the check for $28,000 as an initial payment, it was clear from the Defendant's owner's testimony that the offer was rejected.  Because the offer was rejected there can be no accord.

The Plaintiff clearly met its burden of proof in this case as to liability and damages.  The Defendant failed to show that there is any material issue of fact warranting a jury's consideration.  Accordingly, the Court granted judgment as a matter of law in favor of the Plaintiff for the full amount of the assumed debt.

AND IT IS SO ORDERED.

                                              _____
                                              Clarence C. Newcomer, S.J.