IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLAP 2001, INC. t/a/d/b/a FLAPDOODLES, Plaintiff, | : : : : | CIVIL ACTION |
| v. | : : | |
| KAMIKAZE KIDS ENTERPRISES, INC. Defendant. | : : : : | NO. 02-3265 |

**O R D E R**

AND NOW, this    day of May, 2003, upon consideration of the Plaintiff's Motion to Strike And/Or Disallow Defendant's Purported Claims of Exemption From Garnishment, it is hereby ORDERED that said Motion is GRANTED.  Defendant's claims of exemption are DISALLOWED.

Claims of exemption from garnishment are listed in the Pennsylvania Rules of Civil Procedure, which are applicable in this case pursuant to Federal Rules of Civil Procedure 69.  Pennsylvania Rules of Civil Procedure 3123.1 covers eight categories of limited exemptions under Pennsylvania Law and five categories of limited exemptions under Federal Law.  P$_A$. R.C.P. 3123 (note following rule) None of these exemptions are applicable to Defendant KKE.

Defendant requested, "Any and all exemptions permitted under the law."  However, all of the exemptions

listed under Rule 3123.1 apply to individual or personal property, not property of corporations. Defendant KKE has offered no evidence, nor made any claim that any property they wish to exempt is covered by the aforementioned exemptions. Accordingly, there are no exemptions available to KKE under the law.

Defendant also requested an exemption based on a security interest held by a non-party, Ute A. Cherny. The Court does not need to rule on the applicability of any claims of exemption as applied to Ms. Cherny at this time because KKE has no standing to claim exemptions on her behalf.

The Court finds that Defendant KKE may not claim exemptions from garnishment pursuant to Rule 3123.1. The exemptions listed therein are limited, and apply exclusively to personal property of individuals. Defendant KKE has not demonstrated that they possess any property that falls within these limited exemptions, and has no standing to claim exemptions on behalf of another party.

AND IT IS SO ORDERED.

_____
Clarence C. Newcomer, S.J.